## PLATT v. COLE.

(*Circuit Court, D. New Hampshire.* December 21, 1880.)

1. PLEADING — DISCHARGE IN BANKRUPTCY — GENERAL ISSUE — NEW HAMPSHIRE.—A discharge in bankruptcy since action brought, may be pleaded in New Hampshire, against the further continuance of the action, together with the general issue, when such pleas are filed at the same time.—[ED.

  *True* v. *Huntoon,* 54 N. H. 121.

Action on the case with one count in trover, and one special count to recover the value of certain timber and other chattels alleged to have been obtained by the defendant from the firm of Mowre, Call & Benson, of New York, now bankrupts, by way of illegal preference, the plaintiff being their assignee in bankruptcy. The action was entered in October, 1877; but, by consent, the defendant was not required to plead until January 1, 1880, when four pleas were filed: *First,* the general issue; *second, third,* and *fourth,* pleas of a discharge of the defendant in bankruptcy since the action was brought. The plaintiff moved to set aside the first three pleas on the ground that they were overruled by the fourth, which, in its form, was a plea against the further continuance of action.

*A. R. Hatch,* for plaintiff.

*Strout & Holmes,* for defendant.

LOWELL, C. J. The plaintiff insists that a plea *puis darrein continuance* overrules all former pleas, and that a plea of discharge in bankruptcy, obtained after action brought, should be pleaded either *puis darrein,* or at least in bar of the further maintenance of the action, and that in either form it ought to overrule other pleas. By the law of New Hampshire, the fourth plea is not *puis darrein,* because no pleadings had been entered before it was filed. The question, therefore, is whether, in the form in which it is made, it overrules the others.

In England a question of costs appears to have been involved in the point, whether a plea was to the further main-

tenance of the action or in bar generally, and it was decided in *Harris* v. *James,* 9 East, 82, that under the statute of 5 Geo. II. *c.* 30, § 7, such a plea, in case of bankruptcy occurring before suit brought, but the discharge granted pending the action, might be pleaded in bar generally, and that the defendant should recover his costs. The statute in question, after providing for the discharge, declared that if the bankrupt should afterwards "be arrested, prosecuted, or impleaded for any debt due before such time as he became bankrupt, he should be discharged on common bail and might plead in general," etc. It required a very forced and ingenious construction to make this word "afterwards" refer to the bankruptcy instead of the discharge, but the court did give it that meaning. That case has been overruled in England; the judges, to be sure, saying that though they did not understand its reasoning, that they should have been bound to follow it if the bankrupt law had not been changed. *Jones* v. *Hill,* L. R. S. 213, 230. The bankrupt law had not been changed in any essential particular, so far as it bore on that case, but a slightly different collocation of the words made the meaning a little plainer, and the repeal and re-enactment of the law gave the court the technical opportunity to correct their former error.

Our statute, however, does not have any such expression as "afterwards." It provides (Rev. St. § 5119) that it may be impleaded by a simple averment that on the day of its date a discharge was granted; setting forth in full as a full and complete bar to all suits brought on any such debts, claims, liabilities, and demands; that is, which might have been proved. The word "afterwards" is not here in connection with suits brought. It might be supplied by construction, but that is quite different from dropping it by construction. Section 5106 provides for continuing actions pending at the bankruptcy to give the defendant an opportunity to plead his discharge, and, for aught that I see, to plead it generally. This right to a stay until the discharge is passed upon is precisely what the queen's bench, in *Jones* v. *Hill,* say was not the law of England, though the chief justice thinks it would be better if it were so, (see L. R. 5 Q. B. 234,) and was

the very point of their decision. Our law, therefore, may fairly bear the construction, which was too refined when applied to the English statute.

Considered merely as a matter of form, it must be admitted that when a bar does arise after action brought, the most ordinary way of pleading is to conform to the fact and show that it is to the further continuance of an action, properly begun, that you interpose this defence. But, when we consider the bearing of the argument upon this case, I see no reason why the plea which the statute gives should overrule all other defences. The true intent and spirit of the law would not be carried out by such a ruling. The bankrupt act means that in actions pending on provable debts, the bankrupt should have the same benefit of his discharge in all substantial respects as if he had obtained it before suit. No doubt it might have been wise to make some provision for the costs of a suit lawfully begun before the bankruptcy of the defendants. I do not decide positively upon the effect of the statute in this respect, because in this case, as I shall show, the law of New Hampshire does not differ from what I suppose to be the true intent of the bankrupt law. In Massachusetts a somewhat similar question came up, but in a wholly different way. In that state, by statute, when a discharge in bankruptcy was pleaded, and the plaintiff discontinued or was nonsuited solely by reason of that plea, the defendant was to recover no costs. In this state of the law it was held that the plaintiff had a right to discontinue when such a plea was pleaded, though there were other defences set up, because he might elect to accept this plea and save his costs; and thereupon, if the defendant insisted upon going to trial, the court below should have required him to rely on his other defences. *Goward* v. *Dunbar*, 4 Cush. 500. I do not understand that there is any similar statute or practice to govern this case.

Coming, now, to the technical question whether, by the law of New Hampshire, whose forms and modes of proceeding govern this case, unless repugnant to the bankrupt law, the fourth plea overrules the others, it seems, by the authorities

cited at the bar, that such is not the effect of any plea when it is filed simultaneously with the others. I am unable to distinguish this case from *True* v. *Huntoon*, 54 N. H. 121, which decides that point.

Motion to set aside pleas denied.